IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cv-6588 |
| | ) | |
| USIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JONATHAN EVANS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, USIC, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JONATHAN EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Zion, County of Lake, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. USIC, LLC, (hereinafter, "Defendant") is a limited liability company engaged in the business of underground utility damage prevention. Defendant's principal place of business is located in the State of Indiana. Defendant regularly conducts business in the State of Illinois.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. In or around April of 2019, Plaintiff applied to Defendant for a position of employment.

10. As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

11. In or around May of 2019, Defendant agreed to hire Plaintiff and allow him to begin working, but advised Plaintiff that it would be performing a background check on Plaintiff.

12. In May of 2019, in conducting a background check of Plaintiff, Defendant obtained from CAREERBUILDER EMPLOYMENT SCREENING, LLC, a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

13. Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the position applied for, and to assist in determining whether to retain Plaintiff in his position of employment.

14. After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to terminate Plaintiff from his position of employment based in whole or in part on the aforesaid consumer report.

15. On or prior to May 20, 2019, Defendant made a determination to terminate Plaintiff.

16. At no time after making the determination to terminate Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

17. Prior to taking any action on Plaintiff's employment application to terminate Plaintiff's employment, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

18. Prior to taking any action on Plaintiff's employment application to terminate Plaintiff's employment, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

19. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

20. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and an injury to his reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

   a. Failed to provide the Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

   b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V.  JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONATHAN EVANS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**JONATHAN EVANS**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: October 3, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com